## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JUDY L. MORGAN )
Box 472 )
LaCrosse, KS  67548 )
)
     Plaintiff, )
)
v. )    Civil Action No. 0001566-07
)
MEDTRONIC, INC. )
710 Medtronic Parkway )
Minneapolis, MN )
)
     Defendant. )
)
_____ )

### NOTICE OF REMOVAL

     PLEASE TAKE NOTICE that Defendant, Medtronic, Inc. ("Defendant"), by and through

its undersigned counsel, removes to this Court a civil action entitled *Judy L. Morgan*

*v. Medtronic, Inc.*, Civil Action No. 0001566-07, pending in the Superior Court of the District of

Columbia, on the grounds that there is diversity of citizenship between the parties and that the

amount in controversy exceeds $75,000 as provided for in 28 U.S.C. § 1332.  In support of this

Notice, Defendant avers as follows:

### Facts Giving Rise To Jurisdiction

     1.     On February 28, 2007, Plaintiff, Judy L. Morgan ("Plaintiff"), filed her Complaint

against Defendant, Medtronic, Inc., in the Superior Court of the District of Columbia.  A copy of

the Complaint and other papers served on Defendant comprising the entire State Court action are

attached hereto and made a part hereof as Exhibit A.

     2.     Plaintiff, Judy L. Morgan, alleges that she resides in the State of Kansas.  *See*

Exhibit A, Caption.

3.    Defendant, Medtronic, Inc., is a corporation incorporated under the laws of the State of Minnesota and has its principal place of business at 710 Medtronic Parkway, Minneapolis, Minnesota.    Pursuant to 28 U.S.C. § 1332(c)(1), Medtronic is a citizen of Minnesota.

4.    There is complete diversity of citizenship among the parties to this case.

5.    Defendant's "receipt" of the suit papers occurred on March 21, 2007, when Defendant's registered agent received the papers, attached as Exhibit A, at the address of its registered agent.  Thus, this Notice of Removal is timely filed with this Court within 30 days of Defendant's receipt of the pleadings and process, and not more than one year after commencement of the action, as required by 28 U.S.C. § 1446(b) and Rule 81(c) of the Federal Rules of Civil Procedure.

### Grounds For Removal

6.    Plaintiff has asserted the following ten purported claims in her Complaint: (Count I) Negligence; (Count II)  Strict Liability; (Count III)  Failure to Warn; (Count IV) Breach of Implied Warranty; (Count V) Breach of Express Warranty; (Count VI) Misrepresentation by Omission; (Count VII) Constructive Fraud; (Count VIII) Violation of Minnesota False Statement in Advertisement Act; (Count IX) Violation of the Minnesota Prevention of Consumer Fraud Act; (Count X) Unjust Enrichment.  *See* Exhibit A, generally.

7.    This Court has diversity jurisdiction over this case under 28 U.S.C. § 1332(a)(1). Plaintiff is a citizen of Kansas and Defendant, Medtronic, is a citizen of a state or territory other than Kansas as set forth above.  It appears from the allegations in the Complaint that the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.  *See* Exhibit A.

8.    Removal to this District is proper because Plaintiff's action is pending in this District and Division.  28 U.S.C. § 1441(a).

2

9.    Written notice of the filing of this pleading has been given to Plaintiff's counsel and the Clerk of the Superior Court for the District of Columbia. A copy of the Notice of Filing of Removal to Federal Court filed with the Superior Court of the District of Columbia is attached hereto and made a part hereof as Exhibit B.

WHEREFORE, Defendant respectfully moves that the above-entitled action be removed from the Superior Court of the District of Columbia to this Court.

Respectfully submitted,

MEDTRONIC, INC.

Robert P. Charrow (Bar #261958)
Maria Hallas (Bar #436529)
GREENBERG TRAURIG, L.L.P.
800 Connecticut Avenue, N.W., Suite 500
Washington, DC 20006
Tel.: (202) 331-3100
Fax: (202) 331-3101
email: hallasm@gtlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via first class mail, postage prepaid on April 10, 2007, on:

William F. Boyer, Esq.
Stephen W. Grafman, Esq.
SHARP & ASSOCIATES
1215 19th Street, NW
Washington, D.C.  20036

and, separately

OF COUNSEL:
Lee J. Hollis
(application for admission pro
  hac vice to be submitted)
Hollis Law Firm
5100 W. 95th Street
Prairie Village, KS  66207
913-385-5400
leehollid@hollislawfirm.com

Maria Hallas

# EXHIBIT A

**CT CORPORATION**
A WoltersKluwer Company

**Service of Process
Transmittal**
03/21/2007
Log Number 512081921

RECEIVED
MAR 22 2007
LAW DEPARTMENT
MEDTRONIC, INC.

TO:     Vicki Tersteeg
        Medtronic, Inc.
        MS: LC300, 710 Medtronic Parkway
        Minneapolis, MN, 55432-5604

RE:     **Process Served in District of Columbia**

FOR:    Medtronic, Inc. (Domestic State: MN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Judy L. Morgan, Pltf. vs. Medtronic, Inc., Dft. |
| **DOCUMENT(S) SERVED:** | Initial Order, Summons and Complaint |
| **COURT/AGENCY:** | (DC) Civil Division - District of Columbia Superior Court, DC<br>Case # 0001566-07 |
| **NATURE OF ACTION:** | Product Liability Litigation - Manufacturing Defect - Plaintiff has been injured as a result of the failure of the ICD implanted in her |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Washington, DC |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/21/2007 at 11:19 |
| **APPEARANCE OR ANSWER DUE:** | Within 20 Days of Service - Initial Order // Within 20 Days of Service - Summons |
| **ATTORNEY(S) / SENDER(S):** | (DC) William F. Boyer<br>Sharp & Associates<br>1215 19th Street, N.W.<br>Washington, DC, 20036<br>202-467-4114 |
| **ACTION ITEMS:** | Telephone, Vicki Tersteeg , 763-505-2671<br>*Left voice message for Vicki Tersteeg on 03/21/07 at 1:48 p.m.*<br>SOP Papers with Transmittal, via  Fed Ex Standard Overnight, 791258361450<br>Email Notification, Vicki Tersteeg VICKI.ANN.TERSTEEG@MEDTRONIC.COM<br>Email Notification, Anne Sederstrom ANNE.SEDERSTROM@MEDTRONIC.COM |
| **SIGNED:** | C T Corporation System |
| **PER:** | Mark Diffenbaugh |
| **ADDRESS:** | 1015 15th Street, N.W.<br>Suite 1000<br>Washington, DC, 20005 |
| **TELEPHONE:** | 202-572-3133 |

Page 1 of  1 / MH

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of the package only, not of its contents.



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

JUDY L MORGAN
Vs.                                              C.A. No.      2007 CA 001566 B
MEDTRONIC INC

### INITIAL ORDER

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued **by the judge** to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge GEOFFREY M ALPRIN
Date:  February 28, 2007
Initial Conference: 9:00 am, Friday, June 01, 2007
Location:  Courtroom 320
           500 Indiana Avenue N.W.
           WASHINGTON, DC 20001

Caio.doc

CA Form 1

## Superior Court of the District of Columbia
### CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001  Telephone: 879-1133

| | |
|---|---|
| Judy L. Morgan<br>Box 472, LaCrosse, KS 67548 | |
| *Plaintiff* | Civil Action No. **0001565-07** |
| vs. | |
| MEDTRONIC, INC; CT Corporation, Agent<br>1015 15th St., NW, #1000, Washington, DC | |
| *Defendant* | |

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| | |
|---|---|
| William Boyer | |
| Name of Plaintiff's Attorney | By _____ |
| 1215 19th Street NW | Deputy Clerk |
| Address | |
| Washington, DC 20036 | |
| (202) 467-4114 | Date February 28, 2007 |
| Telephone | |

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 98

**NOTE:** SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If **you wish to talk to a lawyer and feel that you cannot afford to pay a** fee **to a lawyer, promptly contact** one of the offices of the Legal Aid Society (628-1 161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

IN THE SUPERIOR COURT OF
THE DISTRICT OF COLUMBIA

Judy L. Morgan,
Box 472
LaCrosse, KS 67548

       Plaintiff,

v.

MEDTRONIC, INC.
CT Corporation, Agent
1015 15th St., NW, #1000
Washington, D.C.

       Defendant.

Civil Action No. _____0001566-07_____

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

RECEIVED
Civil Clerk's Office
FEB 2 8 2007
Superior Court of the
District of Columbia
Washington, D.C.

Plaintiff, Judy L. Morgan (hereafter "Plaintiff"), by and through her undersigned counsel, makes the following allegations based upon her personal knowledge, and upon information and belief, as well as upon her attorneys' investigative efforts, alleges as her complaint against Defendant as follows:

**NATURE OF THE CASE**

1.     Medtronic, Inc. manufactures implantable cardioverter defibrillators. The defibrillators are small devices about the size of a pager. They are implanted into the chest cavity of patients and are intended to monitor irregularities in heart rhythm (arrhythmia). When functioning properly the units can detect when the heart is beating out of rhythm, and deliver a series of electrical shocks to correct the arrhythmia.

2.     Defendant recalled many of its defibrillators recently due to defects in the devices. These devices can develop an internal short circuit without warning, resulting in failure

351355-1

to deliver a shock when needed, or shock a patient who is asymptomatic and not in need of a shock.

3.    Plaintiff was implanted with an automatic implantable cardioverter defibrillator (ICD) manufactured by Defendant and called a Medtronic Marquis DR Model 7274, Serial # PKC108220H.

4.    In February, 2005, Defendant issued an advisory with regard to this device, indicating the following:

> Medtronic Marquis family of ICD and CRT-D devices having batteries manufactured prior to December 2003 may experience rapid battery depletion due to a specific internal battery short mechanism.

> Highly accelerated bench testing indicated the rate of this shorting mechanism may increase as the battery is depleted. At the time of the mailing, the rate of shorting was approximately 1 in 10,000 (0.01 %), bench test data indicated the rate may increase to between 0.2% and 1.5% over the second half of device life.

> There is no provocative testing that predicts which of these devices will experience this issue. Once a short occurs, depletion can take place within a few hours to a few days, after which there is complete loss of device function. It is also possible that as the battery depletes quickly, patients may experience temporary warmth in the area surrounding the ICD.

5.    This lawsuit asserts claims against Defendant Medtronic, Inc., for negligence; strict product liability for manufacturing and/or design defect; strict product liability for failure to warn; breach of express and implied warranties for the design, manufacture, production, testing, study, inspection, labeling, marketing, advertising, sales, promotion, and distribution of the device model that caused Plaintiff's device to malfunction; violation of Minnesota consumer protection laws; and unjust enrichment.

### PARTIES AND JURISDICTION

6.      Since 1999, Plaintiff has been a resident of the state of Kansas. On December 23, 2002, Plaintiff was implanted with, and suffered personal injury as a result of, an automatic implantable cardioverter defibrillator (ICD) manufactured by Defendant Medtronic, Inc.

7.      Defendant Medtronic, Inc. (Medtronic) is a corporation existing under the laws of Minnesota with its principal place of business also in Minnesota. Medtronic may be served through its registered agent, CT Corporation at 1015 15th St., NW, #1000, Washington, D.C.

8.      This court has subject matter jurisdiction pursuant to DC ST § 11-921, granting the Superior Court jurisdiction of any civil action or other matter brought in the District of Columbia that is not (a) in the exclusive jurisdiction in a Federal court in the District of Columbia or (b) which jurisdiction is vested in the United States District Court for the District of Columbia under section 11-501.

9.      Defendant was and is in the business of profiting from the design, manufacture, marketing, distribution and/or sales of ICD's, including the ICD Model implanted in Plaintiff. Defendant in pursuance of this business, transacts business within the District of Columbia and contracts to provide goods and services in the District of Columbia. Defendant regularly does and solicits business and engages in a persistent course of conduct in the District of Columbia, deriving substantial revenue from goods and products consumed in the District of Columbia. Defendant expects or should reasonably expect its acts to have consequences in the District of Columbia, and derives substantial revenue form interstate or international commerce.

**FACTUAL ALLEGATIONS**

10.     On December 23, 2002, Plaintiff was implanted with a Medtronic Marquis, Model 7274 defibrillator, that was developed, tested, marketed, warranted and sold by Defendant. This device was implanted at Hays Medical Center in Hays, Kansas. This ICD is among the Marquis family of devices which was the subject of Defendant's February 2005 advisories.

11.     This case involves, *inter alia,* Defendant's failure to warn doctors and patients of information within its knowledge or possession or both, indicating the subject ICDs were affected by a design and manufacturing defect making them unreasonably dangerous, unfit for their intended use, and that they posed health risks (including in some cases the risks of death or serious injury) to the ICD recipients.

12.     Defendant designed, manufactured, marketed and sold the subject ICD, touting the device's exceptional design and reliability in monitoring, and regulating heart rhythm, and reviving a person's heart during arrhythmia and/or arrest.  Defendant omitted material facts, intentionally withheld information regarding device malfunctions and mechanical design defects, and failed to timely and adequately warn the medical community and the general public, placing tens of thousands of people, including Plaintiff, unnecessarily at risk and without their informed consent.

## Defendant's Device and Its Intended Functions

13.     Cardiovascular disease is the leading cause of death in both women and men in the United States, claiming more lives every year than the five leading causes of death combined.

14.     A normal heartbeat is the result of electrical impulses that originate in the sinoatrial (SA) node in the upper right chamber of the heart, known as the atrium.  The impulse causes the atria to contract, causing blood to fill the ventricles.  The impulse travels down to the ventricles causing them to contract, forcing blood out of the heart.  This cycle repeats itself, resulting in a normal heartbeat.

15.     If the normal electrical system malfunctions, an irregular heartbeat results, called an arrhythmia.  Arrhythmias can prevent the heart from pumping enough blood throughout the body, leading to physical symptoms, tissue death, and cardiac arrest.

16.     Certain persons with an arrhythmia require an ICD as a monitor and response mechanism. Similar to a pacemaker, the device monitors, regulates, and stabilizes in the event of either an increase or decrease in heart rhythm. When a person's heart stops normal pumping, the ICD automatically determines what type of treatment is needed, if any, and delivers it.

17.     Medtronic manufactures several different ICD systems, with different settings, features, and capabilities. Essentially, they all include a pulse generator, which is a small unit about the size of a pager, and one or two electrical wires extending out of the top, called leads. The device is implanted in the upper chest near the neck and the leads run to the heart via blood vessels.

18.     The ICD is capable of correcting a heart beat that is too slow (bradycardia) or too fast (tachycardia) by delivering corrective treatment in the form of a series of electrical impulses. The patient may not feel the pulses, or it may feel like fluttering in the chest. It is painless.

19.     The ICD is also capable of cardioversion. Cardioversion requires stronger electrical shocks than pacing, and it is designed to interrupt a harmful arrhythmia. Patients report cardioversion is uncomfortable.

20.     The ICD is also capable of defibrillation. Defibrillation involves application of a high-energy shock to the patient's heart and is appropriate treatment for very fast and irregular heartbeats called ventricular tachycardia (VT) or ventricular fibrillation (VF). Patients with either VT or VF usually faint or become unconscious and do not feel the powerful shock delivered during defibrillation. However, if they are not unconscious and/or are not in VT or VF when the ICD discharges a shock, they most certainly do feel the shock, and experience tremendous pain.

21.     During a heart failure episode, a patient's survival depends upon the success of the device detecting the problem and shocking the heart back to a regular rhythm. Without a

prompt response, a patient's life faces great peril, and may require external resuscitation from medically trained personnel.    Every day, thousands of Americans rely on these devices to monitor their hearts and respond during a time of need.

22.    If an ICD device fails to engage during an arrhythmic episode, a patient in cardiac arrest has only minutes before permanent injuries or death occurs.  In the medical community, this concept is often described as "Time is muscle."

### Patient's Medical History with Defendant

23.    On December 23, 2002, Plaintiff was implanted with a Medtronic Marquis Model 7274 Implantable Cardiac Defibrillator. Plaintiff was unaware of the design and/or manufacturing defect within her device, which Defendant knew, or should have known of, at the time of Plaintiff's implantation surgery.

24.    Plaintiff, dependent on the device for cardiac regulation and stabilization, relies on the mechanical success and function of her device on a daily basis.

25.    Plaintiff was advised by her doctor in April, 2005, that her ICD was subject to recall. Consequently, Plaintiff had the device replaced at the Hays Medical Center in Hays, Kansas, on May 18, 2005.

26.    Defendant never, directly, nor through any other means told Plaintiff about the known risks associated with the design and/or manufacturing defect, known to it, or which it reasonably should have known about, which existed in the ICD implanted into Plaintiff.

27.    Defendant knew or should have known about the design and/or manufacturing defects associated with the ICD implanted in Plaintiff, and had a duty to inform her, and all ICD recipients, about the risks associated with the design and/or manufacturing defects of the device.

28.    Plaintiff reasonably relied on Defendant's representations that the ICD implanted into her contained no design and/or manufacturing defects.  Having not been informed about the

design and/or manufacturing defects present in Defendant's ICD, Plaintiff chose to implant the ICD.

29.    At all times relevant to Plaintiffs implantation, use, and injury, Defendant never told Plaintiff about the risks associated with the design and/or manufacturing defects associated with the ICD implanted in her.

30.    Therefore, unsuspecting of any design and/or manufacturing defect associated with Defendant's ICD, Plaintiff has been injured as a result of the failure of the ICD implanted in her.

**CLAIMS FOR RELIEF**
**COUNT ONE**
**(Negligence)**

31.    Plaintiff restates each and every preceding allegation of this Complaint and incorporates each by reference as though set forth in full herein.

32.    Defendant had a duty to exercise the care of an expert in all aspects of the manufacture, testing, inspection, packaging, labeling, distribution, marketing, sale, withdrawal and recall of the ICD to insure the safety of its product and to insure that the consuming public, including the Plaintiff and her physicians and agents, obtained accurate information and instructions for the safe use or non-use of the implantable defibrillator.

33.    Defendant failed to discharge this duty by distributing a defectively designed and/or manufactured device into the stream of commerce without warning or notice of the defects. Defendant's failure of duty exposed Plaintiff to life threatening physical trauma, resulting in death. Defendant's failure of duty rendered Plaintiff's physicians ignorant of information necessary to treat Plaintiff.

34.    In addition, Defendant's omissions and concealment of material facts were made with the understanding that patients and physicians would rely upon such statements when

7

choosing Defendant's device. Furthermore, the economic damages and physical harm caused by Defendant's conduct would not have occurred had Defendant exercised the high degree of care imposed upon it and Plaintiff therefore plead the doctrine of *res ipsa loquitur*.

35.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered and will continue to suffer economic loss, pecuniary loss, loss of companionship and society, mental anguish and other compensable injuries.

## COUNT TWO
### (Strict Liability: Design and Manufacturing Defect)

36.     Plaintiff restates each and every preceding allegation of this Complaint and incorporates each by reference as though set forth in full herein.

37.     Defendant's ICD is defectively designed and manufactured because the foreseeable risks of mechanical malfunction and failure outweigh the benefits associated with the device.

38.     The ICD was expected to and did reach Plaintiff without substantial change or adjustment to its mechanical function upon implanting the device.

39.     Defendant, the manufacturer of the ICD, knew or should have known of the design and/or manufacturing defect and the risk of serious bodily injury that exceeded the benefits associated with the design or formulation.

40.     Furthermore, Defendant's ICD and its design and/or manufacturing defects presented an unreasonably dangerous risk beyond what the ordinary consumer would reasonably expect.

41.     The ICD manufactured and supplied to Plaintiff by Defendant was defectively designed and/or manufactured due to inadequate warnings or instruction because the manufacturer knew or should have known through testing or otherwise that the product created a

high risk of bodily injury and serious harm. Defendant failed in providing adequate and timely warnings to consumers of the risk, both before sale and post-sale.

42.     As a direct and proximate result of Defendant's failure to warn and improper conduct Plaintiff suffered and will continue to suffer economic loss, pecuniary loss, loss of companionship and society, mental anguish and other compensable injuries.

43.     Defendant's ICD is a product inherently dangerous for its intended use due to design and/or manufacturing defect and improper functioning. Defendant is therefore strictly liable to Plaintiff for damages specified herein.

**COUNT THREE**
**(Strict Liability: Failure to Warn)**

44.     Plaintiff restates each and every preceding allegation of this Complaint and incorporates each by reference as though set forth in full herein.

45.     Defendant developed, manufactured, marketed, and distributed the ICD to the general public even after learning of design defect that threatened the intended use of the device.

46.     The ICD models with design and/or manufacturing defects were expected to and did reach Plaintiff without substantial change or adjustment to its mechanical function upon implanting the device.

47.     Defendant knew or should have known through testing, adverse event reporting, or otherwise, that the product created a high risk of bodily injury and serious harm.

48.     Defendant failed in providing timely and adequate warnings or instruction regarding its devices with a known design and/or manufacturing defect.

49.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered and will continue to suffer economic loss, pecuniary loss, loss of companionship and society, mental anguish and other compensable injuries.

50.    Defendant's ICD is a product inherently dangerous for its intended use due to design and/or manufacturing defect and improper functioning.  Defendant is therefore strictly liable to Plaintiff for damages specified herein.

## COUNT FOUR
### (Breach of Implied Warranty)

51.    Plaintiff restates each and every preceding allegation of this Complaint and incorporates each by reference as though set forth in full herein.

52.    At the time defendants designed, manufactured, produced, tested, studied, inspected, labeled, marketed, advertised, sold, promoted, and distributed its ICD devices for use by Plaintiff, they knew of the use for which their devices were intended.

53.    Defendant impliedly warranted its products to be of merchantable quality and safe and fit for their intended use.

54.    Contrary to such implied warranty, Defendant's ICD device was not of merchantable quality, safe or fit for its intended use because the device was and is unreasonably dangerous and unfit for the ordinary purposes for which they were used, as alleged herein.

55.    As a direct and proximate result of Defendant's conduct, Plaintiff suffered and will continue to suffer economic loss, pecuniary loss, loss of companionship and society, mental anguish and other compensable injuries.

## COUNT FIVE
### (Breach of Express Warranty)

56.    Plaintiff restates each and every preceding allegation of this Complaint and incorporates each by reference as though set forth in full herein.

57.    Defendant's concealment and failure to warn through promotional statements and product literature expressly warranted to Plaintiff that the ICD was safe, capable of reducing the

risk or severity of heart failure, was a highly reliable product in comparison to the conventional product line.

58.    In response to these promises and express statements, Plaintiff and her physicians relied on such affirmations and warranties to Plaintiff through her physicians and surgeons.

59.    The ICD does not conform to those express representations in light of recently discovered disclosures and information previously withheld by Defendant. Defendant's express warranty through its false statements failed to disclose and provide patient approval of the design and/or manufacturing defects inherent in the devices.

60.    Defendant breached its warranty of the mechanical soundness of its ICD, by continuing sales and marketing campaigns highlighting the safety of its product, while it knew of the design and/or manufacturing defects and risk of product failure.

61.    As a direct and proximate result of Defendant's breach of its express warranty, Plaintiff suffered economic losses, physical injuries, and other compensable damages through this Court.

## COUNT SIX
### (Misrepresentation by Omission)

62.    Plaintiff restates each and every preceding allegation of this Complaint and incorporates each by reference as though set forth in full herein.

63.    Defendant misrepresented the mechanical soundness and reliability of its ICD devices to the general public through promotional and marketing campaigns. Defendant continued this misrepresentation for an extended period of time, without disclosing material information.

64.    Defendant took advantage of the limited opportunity Plaintiff had to discover Defendant's strategic and intentional concealment of the defects in its ICDs.

351355-1                                           11

65.    Defendant concealed these design and/or manufacturing defects from the public by withholding information pertaining to the inherent design and/or manufacturing defects and high risks of failure relating to Defendant's ICD, and presenting the devices as sound and reliable.

66.    Defendant's intentional misrepresentations and omissions were made willfully, wantonly or recklessly to Plaintiff to induce the purchase of Defendant's ICD over other pacemaker/defibrillators on the market.

67.    Defendant knew or should have known of the high risk the Plaintiff would encounter by unwittingly agreeing to have implanted one of Defendant's defectively designed and/or manufactured devices.

68.    As a direct and proximate result of reliance upon Defendant's misrepresentations, Plaintiff suffered and will continue to suffer economic loss, pecuniary loss, loss of companionship and society, mental anguish and other compensable injuries.

## COUNT SEVEN
### (Constructive Fraud)

69.    Plaintiff restates each and every preceding allegation of this Complaint and incorporates each by reference as though set forth in full herein.

70.    Defendant, while in possession of unique and pertinent information involving the safety and mechanical reliability of its ICD, presented its ICD devices as mechanically sound and failed to warn of its inherent design and/or manufacturing defects. Defendant suppressed this information and continued sales and marketing of its product to the general public. Defendant knew or should have known Plaintiff had no means, other than Defendant's full, accurate, and objective disclosure, of obtaining the relevant information.

71.    Through its unique knowledge and expertise regarding the affected nature of the ICDs, and through its statements to physicians and their patients in advertisement, promotional materials, and other communications, Defendant professed and affirmed to the Plaintiff its knowledge of the truth of the representation that its ICDs were safe for their intended use and were free from design and/or manufacturing defects.

72.    Defendant's misrepresentations and omissions were made intentionally to induce Plaintiff to purchase Defendant's ICDs, in order to reap the high profit margin relating to Defendant's affected ICD family of products.

73.    Defendant's conduct took unconscionable advantage of its dominant position of knowledge, engaging in constructive fraud in its relationship with Plaintiff.  Misled by this veil of fraud, the Plaintiff reasonably relied on Defendant's representations.

74.    As a result, Plaintiff has suffered and will continue to suffer economic loss, pecuniary loss, loss of companionship and society, mental anguish and other compensable injuries.

**COUNT EIGHT**
**(Violation of Minnesota False Statement in Advertisement Act)**

75.    Plaintiff restates each and every preceding allegation of this Complaint and incorporates each by reference as though set forth in full herein.

76.    Defendant produced and published advertisements and deceptive and misleading statements of the soundness and mechanical reliability of its ICD, after learning of its inherent design defect, with the intent to sell its ICD devices.

77.    Defendant concealed its deceptive practices in order to increase the sale of and profit from its ICD.

78.     Defendant has violated Minn. Stat. § 325F.67 by intending to sell and create a customer demand for its ICD device using deceptive or untrue statements of fact about the device's mechanical soundness and reliability on Defendant's website and medical brochures distributed to patients and physicians.

79.     The Minnesota statutes prohibiting false statements in advertising apply to all Plaintiff transactions with Defendant because Defendant's deceptive scheme was carried out in Minnesota and affected Plaintiff implanted with a defective device.

80.     As a result of Defendant's practices, Plaintiff suffered actual damages. Plaintiff is entitled to recover those damages along with costs, expenses, and attorneys' fees. Minn. Stat. 8.31, subd. 3a.

## COUNT NINE
### (Violation of the Minnesota Prevention of Consumer Fraud Act)

81.     Plaintiff restates each and every preceding allegation of this Complaint and incorporates each by reference as though set forth in full herein.

82.     Defendant intentionally concealed its design and/or manufacturing defect and failed to disclose for the purposes of continuing the sale and distribution of its affected devices.

83.     Defendant represented its ICDs as safe and effective and intended that patients and physicians rely on those representations when deciding if Defendant's device was optimal for meeting the patient's needs.

84.     Through these misleading and deceptive statements and false promises, Defendant violated Minn. Stat. § 325F.69.

85.     The Minnesota statutes prohibiting consumer fraud apply to Plaintiff transactions with Defendant because Defendant's deceptive scheme was carried out in Minnesota and affected Plaintiff implanted with a device containing a design and/or manufacturing defect.

86.    As a result of Defendant's practices, Plaintiff suffered and will continue to suffer economic loss, pecuniary loss, loss of companionship and society, mental anguish and other compensable injuries, and is entitled to recovery of those damages along with her attorneys' fees. Minn. Stat. § 8.31, subd. 3a.

**COUNT TEN**
**(Unjust Enrichment)**

87.    Plaintiff restates each and every preceding allegation of this Complaint and incorporates each by reference as though set forth in full herein.

88.    Defendant accepted payment from Plaintiff for the purchase of the ICD, Medtronic Marquis DR, Model 7274.

89.    Plaintiff did not receive the safe and effective product for which he paid.

90.    It would be inequitable for Defendant to retain this money because Plaintiff did not, in fact, receive a safe product.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant for damages, as well as all costs of this action, to the full extent of the law, including:

(A)    Damages to compensate Plaintiff for injuries sustained as a result of the Medtronic Marquis DR, past and future lost income, and future medical expenses as proven at trial;

(B)    Physical pain and suffering of Plaintiff;

(C)    Pre and post judgment interest at the lawful rate;

(D)    Reasonable attorney's fees and costs; and

(E)    Such other applicable damages as the Court deems appropriate.

**JURY DEMAND**

Plaintiff demands that all issues of fact in this case be tried to a properly impaneled jury.

Dated: February 28, 2007

Respectfully submitted,

By: _____

William F. Boyer (D.C. Bar #479421)
Stephen W. Grafman (D.C. Bar #32912)
Sharp & Associates
1215 19th Street, N.W.
Washington, D.C. 20036
Tele. (202) 467-4114
Fax (202) 467-1625


Plaintiff's Counsel
_____

OF COUNSEL:
Lee J. Hollis
Hollis Law Firm
5100 W. 95th St.
Prairie Village, KS 66207
913-385-5400
leehollis@hollislawfirm.com

# EXHIBIT B

**IN THE SUPERIOR COURT OF**
**THE DISTRICT OF COLUMBIA**

JUDY L. MORGAN )
)
)
Plaintiff, )
)
v. )
) Civil Action No. 0001566-07
MEDTRONIC, INC., )
)
)
Defendant. )
)
)
)
_____ )

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. section 1446(d), Defendant, Medtronic, Inc., by and through its undersigned counsel, hereby files a copy of the Notice of Removal filed today in the United States District Court for the District of Columbia. A copy of the Notice of Removal is attached as Exhibit A.

Respectfully submitted, this ⟋◯ day of April, 2007.

MEDTRONIC, INC.

Robert P. Charrow (Bar #261958)
Maria Hallas (Bar #436529)
GREENBERG TRAURIG, L.L.P.
800 Connecticut Avenue, N.W., Suite 500
Washington, DC 20006
Tel.: (202) 331-3100
Fax: (202) 331-3101
email: hallasm@gtlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via first

class mail, postage prepaid on April 10, 2007, on:

William F. Boyer, Esq.
Stephen W. Grafman, Esq.
SHARP & ASSOCIATES
1215 19th Street, NW
Washington, D.C.  20036

and, separately

OF COUNSEL:
Lee J. Hollis
(application for admission pro
 hac vice to be submitted)
Hollis Law Firm
5100 W. 95th Street
Prairie Village, KS  66207
913-385-5400
leehollid@hollislawfirm.com

Maria Hallas

2

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Judy L. Morgan<br>Box 472<br>LaCrosse, KS 67548 | Medtronic, Inc.<br>710 Medtronic Parkway<br>Minneapolis, MN 55432 |

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
**(EXCEPT IN U.S. PLAINTIFF CASES)**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
**(IN U.S. PLAINTIFF CASES ONLY)**
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
William F. Boyer (D.C. Bar No. 479421
Stephen W. Grafman (D.C. Bar #32912)
Sharp & Associates
1215 19th Street, NW
Washington, D.C. 20036
(202) 467 4114

ATTORNEYS (IF KNOWN)
Robert Charrow (D.C. Bar No. 261958)
Maria Hallas (D.C. Bar No. 436529)
Greenberg Traurig, LLP
800 Connecticut Avenue, NW, Suite 500
Washington, D.C. 20006
(202) 331-3100

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U. S. Government Not a Party)
- [x] 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [x] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

| [ ] A. Antitrust | [x] B. Personal Injury/ Malpractice | [ ] C. Administrative Agency Review | [ ] D. Temporary Restraining Order/Preliminary Injunction |
|---|---|---|---|
| [ ] 410 Antitrust | [ ] 310 Airplane<br>[ ] 315 Airplane Product Liability<br>[ ] 320 Assault, Libel & Slander<br>[ ] 330 Federal Employers Liability<br>[ ] 340 Marine<br>[ ] 345 Marine Product Liability<br>[ ] 350 Motor Vehicle<br>[ ] 355 Motor Vehicle Product Liability<br>[ ] 360 Other Personal Injury<br>[ ] 362 Medical Malpractice<br>[x] 365 Product Liability<br>[ ] 368 Asbestos Product Liability | [ ] 151 Medicare Act<br><br>Social Security:<br>[ ] 861 HIA ((1395ff)<br>[ ] 862 Black Lung (923)<br>[ ] 863 DIWC/DIWW (405(g)<br>[ ] 864 SSID Title XVI<br>[ ] 865 RSI (405(g)<br><br>Other Statutes<br>[ ] 891 Agricultural Acts<br>[ ] 892 Economic Stabilization Act<br>[ ] 893 Environmental Matters<br>[ ] 894 Energy Allocation Act<br>[ ] 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>* (If Antitrust, then A governs)* |

| [ ] E. General Civil (Other) OR [ ] F. Pro Se General Civil |
|---|

American LegalNet, Inc.
www.USCourtForms.com

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

American LegalNet, Inc.
www.USCourtForms.com

| ☐ **G. Habeas Corpus/ 2255** | ☐ **H. Employment Discrimination** | ☐ **I. FOIA/PRIVACY ACT** | ☐ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ☐ **K. Labor/ERISA (non-employment)** | ☐ **L. Other Civil Rights (non-employment)** | ☐ **M. Contract** | ☐ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

---

**V. ORIGIN**

☐ 1 Original Proceeding    ☒ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ Multi district Litigation    ☐ 7 Appeal to District Judge from Mag. Judge

---

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

---

| **VII. REQUESTED IN COMPLAINT** | CHECK IF THIS IS A **CLASS** ☐ ACTION UNDER F.R.C.P. 23 | **DEMAND $** | Check YES only if demanded in complaint<br>**JURY DEMAND:** ☒ YES ☐ NO |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    ☒ YES  ☐ NO    If yes, please complete related case form.

DATE 4/10/07    SIGNATURE OF ATTORNEY OF RECORD    _[signature]_

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

American LegalNet, Inc.<br>www.USCourtForms.com

CLERK=S OFFICE

4932

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

Rev. 4/96

NOTICE OF DESIGNATION OF RELATED CIVIL CASES PENDING
IN THIS OR ANY OTHER UNITED STATES COURT

Civil Action No. '_____
(To be supplied by the Clerk)

NOTICE TO PARTIES

Pursuant to Rule 405(b)(2), you are required to prepare and submit this form at the time of filing any civil Action which is related to any pending cases or which involves the same parties and relates to the same subject matter of any dismissed related cases. This form must be prepared in sufficient quantity to provide one copy for the Clerk=s records, one copy for the Judge to whom the cases is assigned and one copy for each defendant, so that you must prepare 3 copies for a one defendant case, 4 copies for a two defendant case, etc.

NOTICE TO DEFENDANT

Rule 405(b)(2) of this Court requires that you serve upon the plaintiff and file with your first responsive pleading or motion any objection you have to the related case designation.

NOTICE TO ALL COUNSEL

Rule 405(b)(3) of this Court requires that as soon as an attorney for a party becomes aware of the existence of a related case or cases, such attorney shall immediately notify, in writing, the Judges on whose calendars the cases appear and shall serve such notice on counsel for all other parties.

_____

The plaintiff, defendant or counsel must complete the following:

I.    RELATIONSHIP OF NEW CASE TO PENDING RELATED CASE( S)

A new case is deemed related to a case pending in this or another U.S. Court if the new case: [Check appropriate box(e=s) below.]

[ ]    (a)    relates to common property

[X]    (b)    involves common issues of fact

[ ]    (c)    grows out of the same event or transaction

[ ]    (d)    involves the validity or infringement of the same patent

[ ]    (e)    is filed by the same pro se litigant

2.    RELATIONSHIP OF NEW CASE TO DISMISSED RELATED CASE(ES)

A new case is deemed related to a case dismissed, with or without prejudice, in this or any other U.S. Court, if the new case involves the same parties and same subject matter.

Check box if new case is related to a dismissed case: [ ]

3.    NAME THE UNITED STATES COURT IN WHICH THE RELATED CASE IS FILED (IF OTHER THAN THIS COURT):

U.S. District Court, District of Minnesota

4.    CAPTION AND CASE NUMBER OF RELATED CASE(E=S). IF MORE ROOM IS NEED PLEASE USE OTHER SIDE.
In Re: Medtronic, Inc. Implantable
Defibrillators Products Liability Litigation                v.                          C.A. No. 05-1726

4/10/07
DATE                    Signature of Plaintiff Defendant (or counsel)

American LegalNet, Inc.
www.USCourtForms.com